IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHRISTOPHER L. JOHNSON JR.,
    Plaintiff,

vs.                             Case No.: 5:08cv286/RS/EMT

WALTER McNEIL,
    Defendant.
_____/

**REPORT AND RECOMMENDATION**

    This cause is before the court on Plaintiff's amended civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 20). Leave to proceed in forma pauperis has been granted (Doc. 6).

    Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *id.*, 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). The complaint may be dismissed if the facts as plead do not state a claim to relief that is plausible on its face. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547, 127 S. Ct. 1955, 1960, 167 L. Ed. 2d

929 (2007) (retiring the often-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim). Upon review of the complaint, the court concludes that it appears beyond doubt that Plaintiff has failed to state a plausible claim to relief; therefore, dismissal of this action is warranted.

Plaintiff, an inmate of the Holmes Correctional Institution proceeding pro se, names one Defendant in this action, Walter McNeil, Secretary of the Florida Department of Corrections (Doc. 20 at 1–2). Plaintiff states he was detained 350 miles away from his home upon his initial incarceration and has been unable to transfer to an institution closer to his family in the 3 1/2 years he has been incarcerated (*id*. at 5). He alleges that his mother is a double-stroke victim and unable to travel, and therefore she is unable to visit him (*id*). Plaintiff also alleges that his fiancée is a type-2 diabetic and requires weekly dialysis treatments which prevent her from visiting him (*id*). Plaintiff further alleges that the inability of his mother and fiancée to travel this distance also prevents Plaintiff from seeing his eight-year-old son (*id*). Additionally, Plaintiff states that he wishes to earn his G.E.D. before his release, but he alleges that his current detention facility lacks the educational programs which would allow him to achieve this goal (*id*). As relief, Plaintiff seeks transfer to a correctional facility closer to his home (*id.* at 7).

Although Plaintiff has brought this action under Section 1983, he has failed to allege a violation of his federal constitutional rights. "Section 1983 creates a private right of action for damages and injunctive relief against individuals and governmental bodies whose conduct under the color of state or local law deprives a plaintiff of rights, privileges, or immunities 'secured by the [federal] Constitution or laws.'" Arnold v. Board of Educ. of Escambia County, Ala., 880 F.2d 305, 309 (11th Cir. 1989) (emphasis added). And, to state a prima facie claim under section 1983, Plaintiff must allege:

1. the defendant's conduct caused the constitutional violation, and
2. the challenged conduct was "under color of state law."

See Parratt v. Taylor, 451 U.S. 527, 535, 101 S. Ct. 1908, 1912, 68 L. Ed. 2d 420, 428 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986); Duke v. Cleland, 5 F.3d 1399, 1403 (11th Cir. 1993) (citing Parratt).

Here, in support of his claims, Plaintiff cites only Fla. Stat. § 944.611, which provides in relevant part, that "The [Florida] Legislature finds and declares that: (1) It is desirable that each inmate be confined in and released from an institution or facility as close to the inmate's permanent residence or county of commitment as possible, in order to lessen the transportation expense to the public." Fla. Stat. § 944.611(1) (2008). However, not only does the state statute cited by Plaintiff concern matters of state law, it also "does not require or mandate a particular location for Plaintiff as alleged. The language used provides that it is 'desirable' to confine an inmate close to his or her residence. Such language is suggestive, not mandatory." *See* Clark v. McNeil, No. 5:08cv186, 2008 WL 4999224, at *2 (N.D. Fla., Nov. 20, 2008) (finding that a prisoner has no protected right to be incarcerated at any particular institution or region) (citations omitted).

Moreover, even if Plaintiff's complaint is construed as asserting a claim under the Due Process Clause, a failure to transfer to a correctional institution of Plaintiff's choice does not violate the Fourteenth Amendment. Indeed, it is well established that prisoners have no right to be incarcerated in a particular institution with particular rules, regulations and privileges. Meachum v. Fano, 427 U.S. 215, 96 S. Ct. 2532, 49 L. Ed. 2d 451 (1976); Montayne v. Haymes, 427 U.S. 236, 96 S. Ct. 2543, 49 L. Ed. 2d 466 (1976); Olim v. Wakinekona, 461 U.S. 238, 103 S. Ct. 1741, 75 L. Ed. 2d 813 (1983) (holding that transferring a prisoner from a Hawaii state prison to a California prison did not implicate a liberty interest protected by the Due Process Clause). As long as the conditions or degree of confinement to which a prisoner is subjected are within the sentence imposed upon him and are not otherwise violative of the Constitution, prison officials have broad discretion to order the transfer of inmates. Montayne, 427 U.S. at 242, 96 S. Ct. at 2547. Thus, there is no constitutional entitlement to prison rehabilitative programs, Moody v. Daggett, 429 U.S. 78, 97 S. Ct. 274, 50 L. Ed. 2d 236 (1976), and the denial of an inmate's request to transfer his "place of confinement . . . so that he might be incarcerated in close proximity to residence of his wife and children" similarly fails to raise a cognizable federal claim. Moore v. A United States Atty. Gen., 473 F.2d 1375, 1376 (5th Cir. 1973).[1] *See also* Jones v. Diamond, 594 F.2d 997, 1015 (5th Cir. 1979) (no right exists under the Due Process Clause to a system of prisoner classification).

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all former Fifth Circuit decisions rendered before October 1, 1981.

Case No. 5:08cv286/RS/EMT

Plaintiff has therefore failed to establish a protected interest in the location of his incarceration or in the ability to participate in educational programs. In short, detention in a facility different from that desired by Plaintiff, and placement in an institution that does not have the educational programs desired by Plaintiff, do not fall outside the sentence imposed upon him and are not otherwise violative of the Constitution. Plaintiff is therefore not entitled to the only relief he seeks, that is, transfer to a correctional institution closer to his home. Thus, to the extent Plaintiff has asserted a claim under the Fourteenth Amendment, he has failed to state a claim upon which relief can be granted.

Accordingly, it is respectfully **RECOMMENDED**:

That this cause be **DISMISSED** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

At Pensacola, Florida this 16th day of June 2009.

    /s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**